■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOANNE RIPIC, Appellant. [644 NYS2d 338] —Crew III, J.

On June 12, 1990, in response to an emergency call, police arrived at defendant's home in the Town of Vestal, Broome County, and discovered her husband, Thomas Ripic, fatally shot. As the result of an hysterical reaction defendant, who is deaf, lost consciousness and was taken to a local hospital. The police immediately retained the services of two sign interpreters and proceeded to the hospital to discuss with defendant the circumstances surrounding Ripic's death. While at the hospital, defendant admitted killing Ripic. Shortly thereafter, defendant was released from the hospital and, together with the interpreters, was transported to the police station for further questioning, which continued for approximately 90 minutes before a lunch break was taken. During that break, one of defendant's sons, Paul Rowe, visited with defendant, and Rowe testified at defendant's trial that during said visit defendant admitted shooting Ripic.

Defendant ultimately was indicted by a Grand Jury and charged with murder in the second degree. Prior to trial, defendant made a CPL 710.30 motion seeking to suppress all statements made by her to the police, which motion was granted. On appeal, a majority of this Court modified, holding that defendant's initial noncustodial admission made at the

hospital was admissible but that all statements made after that point should have been suppressed (182 AD2d 226, *appeal dismissed* 81 NY2d 776). Following a jury trial, defendant was found guilty as charged and sentenced to an indeterminate term of imprisonment of 17 years to life.

During the course of the trial, a police officer and the two interpreters, Jane Long and Jennifer Long, testified that defendant was engaged in ongoing conversations with the police after her arrival at the police station. Defendant contends that because the substance of those conversations previously had been suppressed, any and all references thereto constituted reversible error. We disagree.

At the outset, we observe that the questions and answers of which defendant complains were innocuous and insufficient to convey to the jury that defendant was the subject of interrogation, during the course of which she made incriminating statements (*see, People v Coumbes*, 119 AD2d 935, 937, *lv denied* 68 NY2d 811). Moreover, defense counsel asserted in a pretrial conference that his review of the testimony at the *Huntley* hearing made it clear that Rowe could not have met and conferred with defendant at the police station as claimed. Given that, the testimony of the police officers and the interpreters were necessary to establish the sequence of events leading up to defendant's admission to Rowe at the police station and was offered to counter the assertion by defense counsel that such an encounter could not have taken place. Having been forewarned that defense counsel disputed Rowe's ability to have conferred with defendant at the police station, the People were at liberty to put forth any proof relevant to that issue.

Moreover, it is of note that defendant never objected to the testimony of the police officer and Jennifer Long regarding the complained-of conversations, and the objections now raised, for the first time on appeal, are waived due to the failure to timely object at trial (*see, People v Murphy*, 188 AD2d 742, 744, *lv denied* 81 NY2d 890). We also note that with regard to the testimony of Jane Long, defendant made no objection to her testimony until the completion of her direct examination, whereupon defendant sought a mistrial. Assuming such testimony to have been objectionable, prompt objection by defendant could have obviated the now complained-of error.

Defendant next contends that County Court erred in denying her application for a supplemental bill of particulars. Again, we disagree. The indictment, dated October 4, 1990, charged defendant and another son, Roy Rowe, Jr., with

intentionally causing the death of Ripic by shooting him. Thereafter, in June 1991, the People served a bill of particulars in which they alleged that defendant acted as both a principal and as an accomplice. Shortly before trial, the People advised defense counsel that Paul Rowe had very recently indicated that his mother actually fired one of the shots at Ripic. Consequently, on the day of jury selection, defendant orally moved to have the People supplement their bill of particulars, which motion was denied as untimely.

County Court quite properly observed that defendant had always been aware that the People had charged her with acting both as a principal and as an accomplice. Furthermore, the record makes plain that defendant was continually apprised of the changing nature of Paul Rowe's anticipated testimony through voluntary disclosure by the People, and defendant was not, therefore, hampered in her defense and suffered no prejudice (cf., *People v Charles*, 61 NY2d 321, 327). Finally, we reject defendant's contention that *People v Alls* (83 NY2d 94, *cert denied* 511 US 1090) warrants reconsideration of our prior decision regarding County Court's suppression determination.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.