■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO WOODS, Appellant. [727 NYS2d 370] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of attempted murder in the first degree (two counts) (Penal Law §§ 110.00, 125.27 [1] [a] [i]), burglary in the first degree (two counts) (Penal Law § 140.30 [1], [2]), attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]) and other crimes arising from a drug-house burglary and subsequent shoot-out with police. We reject the contention of defendant that, based on his testimony at the *Huntley* hearing, County Court erred in refusing to suppress his statements made after his arrest. The court's determination crediting the testimony of the police rather than defendant is supported by the record (*see, People v Orso,* 270 AD2d 947, 947-948, *lv denied* 95 NY2d 856; *People v Rodriguez,* 266 AD2d 888, *lv denied* 94 NY2d 924). We also reject the contention of defendant that the verdict convicting him of the attempted murder and attempted robbery charges is against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495), and we conclude that the sentence is not unduly harsh or severe.

Defendant's remaining contentions are not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Because defendant never moved pursuant to CPL 200.40 (1) for a discretionary order directing separate trials, his contention that the court erred in failing to order that his trial be severed from that of a codefendant is not preserved for our review. Although defendant contends that the evidence is legally insufficient to establish that he acted with the intent necessary to convict him of the attempted murder or attempted robbery charges, he failed to preserve that contention for our review by a motion to dismiss specifically directed at that alleged error (*see, People v Gray,* 86 NY2d 10, 19). Defendant failed to object to comments made by the prosecutor on summation and thus failed to preserve for our review his contention that he was denied a fair trial by those comments. Finally, the contention of defendant that he was denied a fair trial by the testimony of an accomplice was not preserved for our review by defendant's belated motion for a mistrial (*see, People v Burdick,* 266 AD2d 711, 713; *People v Eastman,* 239 AD2d 276, 277; *People v Ripic,* 228 AD2d 714, 715, *lv denied* 89 NY2d 867). (Appeal from Judgment of Onondaga County Court, Burke, J.—Attempted Murder, 1st Degree.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.