■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO TYES, Appellant. [815 NYS2d 849]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered March 22, 2004. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the second degree, criminal possession of a weapon in the second degree, aggravated criminal contempt and endangering the welfare of a child (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), and assault in the second degree (§ 120.05 [2]). We reject defendant's contention that County Court erred in its *Molineux* ruling (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]), and we conclude in any event that any error in the court's ruling is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We also reject defendant's contention that the evidence is legally insufficient to support the conviction of attempted murder in the second degree. The People presented evidence at trial establishing that defendant pointed a loaded gun at his wife and pulled the trigger and, although his wife's daughter was in proximity to his wife when he pulled the trigger, "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial," i.e., that defendant intended to kill his wife (*People v Bleakley*, 69 NY2d 490, 495 [1987]; *see People v Tucker*, 190 AD2d 763 [1993], *lv denied* 81 NY2d 977 [1993]). Finally, the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.