■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTES G. RODRIGUEZ, Appellant. [821 NYS2d 331]—

Appeal from a judgment of the Niagara County Court (Peter L. Broderick, Sr., J.), rendered June 17, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, criminal possession of a weapon in the third degree, and arson in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), criminal possession of a weapon in the third degree (§ 265.02 [1]), and arson in the fourth degree (§ 150.05 [1]). Defendant failed to preserve for our review his contention that a panel of prospective jurors was improperly sworn by the Commissioner of Jurors before voir dire outside the presence of County Court and in violation of CPL 270.15 (1) (see CPL 470.05 [2]; People v Melendez, 205 AD2d 392, 393 [1994], lv denied 84 NY2d 829 [1994]; see generally People v Quinones, 18 AD3d 330, 331 [2005], lv denied 5 NY3d 809 [2005]; People v Walters, 12 AD3d 953 [2004]; People v Crumes, 249 AD2d 211 [1998]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), particularly in view of the fact that defendant has not demonstrated any prejudice as a result of the alleged error. Contrary to defendant's contention, the showup identification by one witness was not unduly suggestive on the ground that it was conducted simultaneously with a confirmatory showup by another witness. "[T]here is no indication on the record that either witness influenced the other by reason of the joint showing" (People v Thomas, 105 AD2d 1098, 1098 [1984]; see generally People v Bratcher, 291 AD2d 878, 878-879 [2002], lv denied 98 NY2d 673 [2002]). In any event, we conclude that any error of the court in refusing to suppress identification testimony is harmless beyond a reasonable doubt (see People v Owens, 74 NY2d 677, 678 [1989]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]).

Contrary to defendant's further contention, the court properly admitted in evidence testimony that defendant unsuccessfully attempted to purchase a rifle the day before his commission of the crimes charged. That testimony was "probative of a legally relevant and material issue," and its probative value outweighed its prejudicial effect (People v Alvino, 71 NY2d 233, 242 [1987]).

We further conclude that, in view of the evidence that defendant poured gasoline on the victim and fired a flare gun at her, the testimony concerning his failed attempt to purchase a rifle also provided necessary background information and completed the narrative of events (*see People v Mannino*, 11 AD3d 485, 486 [2004], *lv denied* 4 NY3d 746 [2004]). In any event, we conclude that any error in the admission of the testimony is harmless (*see People v Tyes*, 30 AD3d 1045 [2006]; *see generally Crimmins*, 36 NY2d at 241-242). Defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Valderama*, 25 AD3d 819, 821 [2006], *lv denied* 6 NY3d 854 [2006]). Finally, in view of the specificity of the indictment, the testimony of the victim, and the statements of the prosecutor referring to the flare gun as the weapon that was the subject of the charge of criminal possession of a weapon in the third degree, we conclude that the jury properly convicted defendant of that crime based on his possession of the flare gun (*cf. People v Clark*, 6 AD3d 1066, 1068 [2004], *lv denied* 3 NY3d 638 [2004]; *People v Burns*, 303 AD2d 1032, 1033-1034 [2003]). Present—Pigott, Jr., P.J., Hurlbutt, Martoche and Green, JJ.