# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

559

KA 10-01503

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMIE C. HARRISON, DEFENDANT-APPELLANT.

---

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 20, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) for intentionally causing the death of Jamon Miller, whose body was found in defendant's home. In his statements to the police, defendant claimed that someone else, whom he would not identify, had killed Miller, and that he then killed the person who was responsible for killing Miller. That other person was referred to as "W" by the police during the interrogation of defendant. On appeal, defendant contends that reversal is required because he may have been convicted of an unindicted act of murder, i.e., the killing of "W." That contention is not preserved for our review (*see People v Allen*, 24 NY3d 441, 449-450), and is without merit in any event. The prosecutor and defense counsel reminded the jury during their opening and closing statements that defendant was charged with killing only Miller, and County Court gave similar instructions to the jury. There is therefore no danger that the jury convicted defendant of an unindicted act (*see People v Cooke*, 119 AD3d 1399, 1400, *affd* 24 NY3d 1196; *see also People v Rodriguez*, 32 AD3d 1203, 1205, *lv denied* 8 NY3d 849).

Defendant contends that his statements to the police were involuntarily made inasmuch as he was sleep-deprived and intoxicated during the 12-hour interrogation. Defendant failed to raise that specific contention as a ground for suppressing those statements in his motion papers or at the suppression hearing and thus failed to preserve that contention for our review (*see People v Brown*, 120 AD3d 954, 955, *lv denied* 24 NY3d 1118). In any event, we conclude that the

record does not support defendant's contention regarding the alleged involuntariness of his statements (*see People v Hunter*, 46 AD3d 1374, 1375, *lv denied* 10 NY3d 812; *People v Swimley*, 190 AD2d 1070, 1071, *lv denied* 81 NY2d 977).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). Finally, the sentence is not unduly harsh or severe.

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court