# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1082
KA 10-01365
PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ROBERT E. JOHNSON, DEFENDANT-APPELLANT.

---

PATRICIA M. MCGRATH, LOCKPORT, FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Matthew J. Murphy, III, J.), rendered January 26, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the fourth degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and three counts of criminal possession of a weapon in the fourth degree (§ 265.01 [2]), stemming from the brutal murder of his wife at their home. When the police arrived, they found the victim lying face down on the kitchen floor in a pool of blood. A medical examiner testified that the victim sustained 22 stab wounds and 27 cutting wounds. The evidence established that at least three different knives were used, and that two knives with broken handles were left protruding from the victim's body.

Contrary to defendant's contention, County Court properly refused to suppress statements he made at the crime scene because he was not in custody or subject to interrogation at that time (*see People v Paulman*, 11 AD3d 878, 878-879, *affd* 5 NY3d 122; *People v Kaufman*, 288 AD2d 895, 896, *lv denied* 97 NY2d 684). The court also properly refused to suppress statements defendant made at the police station that evening. After about 10 to 15 minutes of questioning at his home, defendant agreed to accompany the police to the station for further questioning. Defendant was never restrained in any way, he was free to use the restroom, he was offered food and drink, and he was told that he was free to leave. After approximately three hours, the interview ended when defendant indicated that he wanted to leave. Under the circumstances, we agree with the court that defendant was not in custody while at the station (*see People v Petrovich*, 202 AD2d

523, 523-524, *affd* 87 NY2d 961; *People v Murphy*, 43 AD3d 1276, 1276-1277, *lv denied* 9 NY3d 1008; *People v Dozier*, 32 AD3d 1346, 1346, *lv dismissed* 8 NY3d 880).

The court also properly refused to suppress the swab of the blood stain taken from defendant's torso. Defendant agreed to give his clothing to the police and, when he removed his shirt, an officer noticed a reddish brown stain on defendant's chest that appeared to be blood. When asked what it was, defendant responded that it was a bruise. The officer swabbed the area, which later tested positive for blood and matched the victim's DNA. Where, as here, the police did not obtain a warrant for the seizure of the blood evidence, "the police had to satisfy two requirements in order to justify the action taken. First, the police had to have reasonable cause to believe the [blood stain] constituted evidence, or tended to demonstrate that an offense had been committed, or, that a particular person participated in the commission of an offense . . . Second, there had to have been an exigent circumstance of sufficient magnitude to justify immediate seizure without resort to a warrant" (*People v Thomas*, 188 AD2d 569, 571, *lv denied* 81 NY2d 1021; *see People v Loomis*, 17 AD3d 1019, 1020-1021, *lv denied* 5 NY3d 830). We agree with the court that the police had reasonable cause to believe that the blood stain on defendant's chest constituted evidence, and that the seizure was appropriate because it could have been easily destroyed by defendant (*see Cupp v Murphy*, 412 US 291, 296; *People v Berzups*, 49 NY2d 417, 427).

Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Defendant further contends that the court erred in allowing a witness to testify concerning defendant's prior bad act, i.e., his request to have a third-party "cut up his wife." Even assuming, arguendo, that the court erred in allowing that testimony, we conclude that the error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242). The circumstantial evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see People v Guarino*, 298 AD2d 937, 937, *lv denied* 98 NY2d 768; *see also People v Tyes*, 30 AD3d 1045, 1046, *lv denied* 7 NY3d 795).

Defendant failed to preserve for our review his contention that he was denied a fair trial by prosecutorial misconduct on summation (*see People v Williams*, 128 AD3d 1522, 1524, *lv denied* ___ NY3d ___ [July 13, 2015]) and, in any event, the prosecutor's remarks were either fair response to defense counsel's summation (*see People v Melendez*, 11 AD3d 983, 984, *lv denied* 4 NY3d 888), or fair comment on the evidence (*see People v Graham*, 125 AD3d 1496, 1498). Defendant's belated motion for a mistrial is insufficient to preserve for our review his contention that a detective improperly commented on defendant's right to remain silent (*see People v Woods*, 284 AD2d 995, 996, *lv denied* 96 NY2d 926; *People v Okon*, 184 AD2d 664, 664; *see also People v Harden*, 26 AD3d 887, 888, *lv denied* 6 NY3d 834). In any event, although we agree with defendant that the People's use of defendant's selective silence during the interrogation that occurred

the day after the murder was improper (*see People v Williams*, 25 NY3d 185, 193), we agree with the People that the error is harmless (*see generally id.* at 194).

Defendant's contention that the court erred in denying his CPL 440 motion is not properly before us inasmuch as defendant did not obtain leave to appeal from this Court (*see* CPL 460.15; *People v Jacobs*, 188 AD2d 1032, 1032, *lv denied* 81 NY2d 887). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered: November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court