People v Hudson (2018 NY Slip Op 00691)





People v Hudson


2018 NY Slip Op 00691


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


119 KA 12-01814

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARTINOUS HUDSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARTINOUS HUDSON, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 1, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), attempted murder in the second degree, criminal possession of a weapon in the second degree (two counts), robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1]) and one count of attempted murder in the second degree (§§ 110.00, 125.25 [1]), defendant contends in his main brief that Supreme Court erred in refusing to suppress his statements to law enforcement. Defendant failed to raise in his motion papers or at the suppression hearing the specific contentions he raises on appeal in support of suppression and, thus, he failed to preserve his contentions for our review (see CPL 470.05 [2]; People v Heidgen, 22 NY3d 259, 280 [2013]; People v Harrison, 128 AD3d 1410, 1411 [4th Dept 2015]), lv denied 26 NY3d 929 [2015]). Defendant also failed to preserve for our review his contention in his main and pro se supplemental briefs that the prosecutor violated his right to discovery pursuant to CPL 240.20 inasmuch as he failed to raise the specific contentions now raised on appeal (see People v Delatorres, 34 AD3d 1343, 1344 [4th Dept 2006], lv denied 8 NY3d 921 [2007]). In any event, even assuming, arguendo, that the People violated CPL 240.20, we conclude that reversal based on that alleged violation would not be required (see id.; People v Benitez, 221 AD2d 965, 965-966 [1995], lv denied 87 NY2d 970 [1996]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The credibility of defendant and the weight to be accorded to his version of the events was a matter for the jury (see People v Gray, 15 AD3d 889, 890 [4th Dept 2005], lv denied 4 NY3d 831 [2005]; People v Halwig, 288 AD2d 949, 949 [4th Dept 2001], lv denied 98 NY2d 710 [2002]). Contrary to defendant's further contention, his sentence is not unduly harsh or severe.
We have considered defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none requires reversal or modification of the judgment.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court