People v Smith (2019 NY Slip Op 01969)





People v Smith


2019 NY Slip Op 01969


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1153 KA 16-01962

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOE N. SMITH, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered May 9, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his guilty plea of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]). The charge arose after a police officer, while on routine patrol in his marked police vehicle, observed defendant standing on an open front porch, holding taut a transparent bag the size of a golf ball. According to the officer, he could see the outline of what appeared to be small cocaine rocks in the bag, in the same packaging that he had seen many times in his experience. After the officer stopped his vehicle, defendant dropped the bag onto the front porch. On appeal, defendant contends that County Court erred in refusing to suppress tangible evidence, i.e., the bag of cocaine, and his statements to the police. We affirm.
Contrary to defendant's contention, we conclude that the court properly determined that defendant lacked standing to challenge the warrantless seizure of the drugs from the porch inasmuch as he demonstrated no "personal legitimate expectation of privacy" in the premises (People v Whitfield, 81 NY2d 904, 905-906 [1993]; see generally People v Ortiz, 83 NY2d 840, 842 [1994]).
Even assuming, arguendo, that defendant met his burden of establishing standing (see generally People v Ramirez-Portoreal, 88 NY2d 99, 108-109 [1996]; People v Sylvester, 129 AD3d 1666, 1666-1667 [4th Dept 2015], lv denied 26 NY3d 1092 [2015]), we conclude that the evidence establishes that defendant abandoned the bag of drugs and that his abandonment of the drugs was not caused by unlawful police conduct. "Property is deemed abandoned when the expectation of privacy in the object or place searched has been given up by voluntarily and knowingly discarding the property" (Ramirez-Portoreal, 88 NY2d at 110; see People v Brown, 148 AD3d 1562, 1564 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see also People v Rainey, 110 AD3d 1464, 1466 [4th Dept 2013]). Here, while the officer was standing on the public sidewalk, having just exited the patrol vehicle, defendant attempted to pass the bag of drugs to another person and, in doing so, dropped the bag to the floor of the porch. Defendant then walked away from the dropped bag, which was subsequently recovered by the officer. Inasmuch as defendant's abandonment of the bag containing cocaine was not precipitated by illegal police conduct, defendant had no right to object to the officer's seizure of that evidence, and thus the court properly refused to suppress the drugs (see Brown, 148 AD3d at 1564).
Finally, defendant failed to preserve for our review his contention that the court erred in refusing to suppress his statements to the police on the ground that the police failed to obtain an [*2]express waiver of his Miranda rights (see People v Harrison, 128 AD3d 1410, 1411 [4th Dept 2015], lv denied 26 NY3d 929 [2015]). In any event, that contention lacks merit. "It is well settled that an explicit verbal waiver [of Miranda rights] is not required; an implicit waiver may suffice and may be inferred from the circumstances" (People v Jones, 120 AD3d 1595, 1595 [4th Dept 2014] [internal quotation marks omitted]; see People v Sirno, 76 NY2d 967, 968 [1990]; People v Dangerfield, 140 AD3d 1626, 1627 [4th Dept 2016], lv denied 28 NY3d 928 [2016]). We have reviewed defendant's remaining contention and conclude that it lacks merit.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court