◼ In the Matter of RICHARD A. BROWN, as District Attorney of the County of Queens, Petitioner, v MARTIN J. SCHULMAN, as Justice of the Supreme Court of the State of New York, et al., Respondents. [667 NYS2d 53] —Proceeding pursuant to CPLR article 78 to prohibit the respondent Martin J. Schulman, a Justice of the Supreme Court, Queens County, from enforcing his ruling, made on May 21, 1997, which *sua sponte* severed the trial of the respondent Leroy Williams from the trial of his three codefendants in a criminal action entitled *People v Leroy Williams,* pending under Queens County Indictment Number 10707/97.

Adjudged that the petition is granted, without costs or disbursements, and the respondent Justice Martin J. Schul-

man is prohibited from enforcing his ruling made on May 21, 1997, which *sua sponte* severed the trial of the respondent Leroy Williams from the trial of his three codefendants in a criminal action entitled *People v Leroy Williams,* pending under Queens County Indictment Number 10707/97.

The remedy of prohibition lies when a court acts without jurisdiction or when a court exceeds its authorized powers in a proceeding over which it has jurisdiction (*see,* CPLR 7801, 7803; *Matter of Pirro v Angiolillo,* 89 NY2d 351, 355; *Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *Matter of Rush v Mordue,* 68 NY2d 348, 353). To warrant the extraordinary remedy of prohibition, it is not enough that the court makes a mere legal error; rather, the court's error must implicate the court's very powers and thereby give the petitioner a clear legal right to relief to correct the error (*see, Matter of Pirro v Angiolillo, supra,* at 355-356; *Matter of Holtzman v Goldman, supra,* at 569; *Matter of Rush v Mordue, supra,* at 353). Also, prohibition is not granted as of right but only in the sound discretion of the reviewing court (*see, Matter of Hynes v George,* 76 NY2d 500; *Matter of Holtzman v Goldman, supra,* at 569). In exercising that discretion, the reviewing court may weigh factors such as the gravity of the harm caused by the unauthorized act, whether the harm may be adequately corrected on appeal or by recourse to ordinary proceedings at law or in equity, and whether prohibition would furnish a more complete and efficacious remedy even when other methods of redress are technically available (*see, Matter of Rush v Mordue, supra,* at 354; *Matter of Dondi v Jones,* 40 NY2d 8, 14).

In the underlying criminal action, Leroy Williams and his codefendants were charged with various counts of criminal sale of a controlled substance and criminal possession of a controlled substance, in addition to a count of conspiracy. At Williams' arraignment on the indictment, after he waived all motions and announced that he was ready for trial, the respondent Justice Martin J. Schulman *sua sponte* ordered a severance of Williams' trial from that of the codefendants, over the People's objection.

There is no authority in the Criminal Procedure Law for the court to *sua sponte* order separate trials. Separate trials may only be ordered "upon motion of a defendant or the People" (CPL 200.40 [1] [d] [iii]; *see also, e.g., Matter of Holtzman v Goldman, supra,* at 570-571). In addition, the justification offered by the respondent Justice for granting Williams a separate trial, namely, to afford him a "speedy trial", was not valid. There was no suggestion that the People were not ready for

trial within the time limits specified by CPL 30.30. Accordingly, the respondent Justice exceeded his authority.

Thus, since the petitioner has established a clear legal right to prohibition, the petitioner would be harmed by being forced to separately try charges of conspiracy, and since the petitioner has no other adequate remedy (*see,* CPL 450.20), we exercise our discretion to grant the petition. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.