# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**348**

**KA 12-01481**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                            MEMORANDUM AND ORDER

CURTIS A. WRIGHT, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered July 21, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the fourth degree, assault in the second degree (two counts), resisting arrest and escape in the third degree.

It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]) and two counts of assault in the second degree (§ 120.05 [3]), defendant contends that County Court erred in denying his challenge for cause to a prospective juror who, according to defendant, expressed a bias in favor of police officers. We reject that contention. "A challenge for cause is an objection to a prospective juror and may be made only on the ground that . . . [h]e has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at trial" (CPL 270.20 [1] [b]). Only statements that "cast serious doubt on [a prospective juror's] ability to render an impartial verdict" trigger a court's obligation to obtain an unequivocal assurance from the prospective juror that he or she can render an impartial verdict (*People v Arnold*, 96 NY2d 358, 363). Here, the prospective juror was an emergency medical technician who dealt with police officers when responding to service calls. During voir dire, the prospective juror stated that he "usually go[es] with what the officer said" when trying to sort out the facts at the scene of an accident or injury. In our view, that statement did not demonstrate a state of mind "likely" to preclude impartiality (CPL 270.20 [1] [b]), nor did it cast "serious"

doubt on the prospective juror's ability to render an impartial verdict (*Arnold*, 96 NY2d at 363).

In any event, in responding to follow-up questions from the prosecutor, the prospective juror gave an "unequivocal assurance that [he could] set aside any bias and render an impartial verdict based on the evidence" (*People v Johnson*, 94 NY2d 600, 614; *see People v Chambers*, 97 NY2d 417, 419). The prospective juror stated that he understood that police officers "are human" and thus "can be mistaken" or "lie," and that he could "evaluate the testimony [of police officers] to determine whether they are mistaken or lying" (*see People v Castrechino*, 24 AD3d 1267, 1268, *lv denied* 6 NY3d 810; *People v Chatman*, 281 AD2d 964, 965, *lv denied* 96 NY2d 899). We thus conclude that the court properly denied defendant's challenge for cause to the prospective juror.

Defendant further contends that the evidence is legally insufficient to establish that he assaulted the police officers because the People failed to establish that the police officers lawfully stopped his motor vehicle, and thus failed to establish that they were "performing a lawful duty" when they were injured (Penal Law § 120.05 [3]). We reject that contention. When viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to establish that defendant was observed by the police officers making at least one traffic infraction, which justified the stop (*see People v Pealer*, 89 AD3d 1504, 1506, *affd* ___ NY3d ___ [Feb. 19, 2013]; *People v Robinson*, 97 NY2d 341, 349). The People thus established that the police officers were performing a lawful duty when they were injured.

We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court