# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1445**

**KA 11-02476**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                           MEMORANDUM AND ORDER

ERIC TAPIA-DEJESUS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (CHRISTINE M. COOK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MISHA A. COULSON OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered June 29, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we also conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

As defendant correctly contends, however, reversal is required based on County Court's error in denying defendant's challenge for cause to a prospective juror, following which defendant exhausted his peremptory challenges (*see* CPL 270.20 [2]; *People v Nicholas*, 98 NY2d 749, 752). Upon questioning by defense counsel, a prospective juror stated that there was a possibility that he would have "sympathy" for police officer witnesses. Despite further questioning on the issue, the prospective juror did not provide an unequivocal assurance that he would not be biased in favor of the police. It is well settled that, once a potential juror has indicated a possible bias, he or she "must be excused unless [he or she] provide[s] 'unequivocal assurance that [he or she] can set aside any bias and render an impartial verdict based on the evidence' " (*Nicholas*, 98 NY2d at 751-752, quoting *People*

*v Johnson*, 94 NY2d 600, 614).  Inasmuch as the court erred in denying defendant's challenge for cause, we reverse the judgment and grant a new trial.

We further agree with defendant that reversal is also required on the ground that he was denied effective assistance of counsel based upon, inter alia, defense counsel's elicitation of testimony that had been precluded by the court's pretrial ruling and defense counsel's characterization of defendant as a "drug dealer" on summation (*see generally People v Benevento*, 91 NY2d 708, 712-713).  Although "[i]solated errors in counsel's representation generally will not rise to the level of ineffectiveness" (*People v Henry*, 95 NY2d 563, 565-566), here defense counsel's failures were "so serious, and resulted in such prejudice to the defendant, that he was denied a fair trial thereby" (*People v Alford*, 33 AD3d 1014, 1016; *see People v Turner*, 5 NY3d 476, 480-481).

In light of our determination, we do not address defendant's remaining contentions.

Entered:  January 2, 2015                              Frances E. Cafarell
                                                       Clerk of the Court