## SUPREME COURT OF THE STATE OF NEW YORK
### *Appellate Division, Fourth Judicial Department*

588
KA 11-00802
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

CAMERON L. WILLIAMS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM G. PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 2, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]). Defendant contends a prospective juror who indicated a bias in favor of police testimony failed to provide an unequivocal assurance that his bias would not affect his verdict, and thus that County Court erred in denying his challenge for cause to that prospective juror. We reject that contention. Defendant is correct in contending that, "when a prospective juror makes a statement or statements that 'cast serious doubt on [his or her] ability to render an impartial verdict' . . . , that prospective juror must be excused for cause unless he or she provides an 'unequivocal assurance that [he or she] can set aside any bias and render an impartial verdict based on the evidence' " (*People v Lewis*, 71 AD3d 1582, 1583). Here, we conclude that the prospective juror provided the requisite unequivocal assurance of his ability to be impartial (*see People v Rogers*, 103 AD3d 1150, 1152, *lv denied* 21 NY3d 946). Indeed, the court elicited an unequivocal assurance from the prospective juror that he would treat the testimony of police officers as he would the testimony of "any other witness" and that he would "listen to the evidence in the case and decide whether or not [he] believe[s] . . . what the[] [witnesses] have to say in this courtroom."

Defendant further contends that the court erred in denying his mid-trial request for a *Wade*-type hearing with respect to two witnesses who, as part of the prosecutor's trial preparation, viewed a

surveillance video and identified defendant in the video based upon his walk.  We reject that contention because the viewing of the videotape was not a police-arranged identification procedure (*see People v Gee*, 99 NY2d 158, 162-164, *rearg denied* 99 NY2d 652).  Even assuming, arguendo, that this was an identification proceeding within the meaning of CPL 710.30, we conclude that the two witnesses were familiar with defendant such that their identifications were confirmatory, and the court did not err in denying defendant's request for a *Wade*-type hearing inasmuch as it would have been superfluous (*see People v Hopkins*, 284 AD2d 223, 223, *lv denied* 96 NY2d 902).

Defendant contends that he was denied a fair trial based on the court's refusal to redact the name "Killa" from a letter found in defendant's jail cell and the prosecutor's use of that name during summation.  We reject that contention.  The letter was confiscated in defendant's jail cell, contained a fingerprint that was consistent with the fingerprint of defendant, and referenced a court case and the possible outcome if a certain witness did not testify.  We conclude that the court did not abuse its discretion in refusing to redact the letter prior to admitting it in evidence as relevant and probative of defendant's consciousness of guilt (*see People v Washington*, 306 AD2d 701, 702, *lv denied* 100 NY2d 600).  Defense counsel read the letter in its entirety to the jury during his summation, and the prosecutor referred to the alias in his summation.  Inasmuch as defendant did not object to the prosecutor's summation, defendant failed to preserve for our review his contention that the prosecutor engaged in misconduct by referring to the alias (*see People v Tolliver*, 93 AD3d 1150, 1150-1151, *lv denied* 19 NY3d 968).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, we reject defendant's contention that defense counsel was ineffective in failing to object to comments made by the prosecutor during summation (*see Tolliver*, 93 AD3d at 1151; *People v Washington*, 9 AD3d 499, 501-502, *lv denied* 3 NY3d 682).

Entered:  May 8, 2015                    Frances E. Cafarell
                                         Clerk of the Court