# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

670

KA 15-01140

PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V          MEMORANDUM AND ORDER

CARL EVANS, DEFENDANT-APPELLANT.

---

ANDREW C. LOTEMPIO, BUFFALO, FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 4, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Defendant's two codefendants robbed the victim at gunpoint outside a liquor store and then got into an SUV parked a block away. Following a high-speed police chase, defendant and the codefendants fled from the SUV on foot, and the police recovered the victim's stolen property from the SUV.

Viewing the evidence in the light most favorable to the People, as we must (*see People v Contes*, 60 NY2d 620, 621), we reject defendant's contention that the evidence is legally insufficient to establish his accessorial liability for the robbery, i.e., that he intentionally aided the codefendants and "shared a 'community of purpose' " with them (*People v Allah*, 71 NY2d 830, 832; *see* Penal Law § 20.00; *People v Scott*, 25 NY3d 1107, 1109-1110). The People presented evidence that the SUV was registered to a woman at the same address identified by defendant as his home address; that defendant was using his mother's vehicle on the night of the robbery; that defendant fled from the driver's side of the SUV when it stopped; and that defendant told the police that he and the codefendants had left a party together "to get more liquor" and that he had been "the designated driver," although he denied that he had in fact been driving. Based on that evidence, we conclude that there is a valid line of reasoning and permissible inferences, including the inference of consciousness of guilt arising from defendant's flight from police with the codefendants (*see People v Bacote*, 107 AD3d 641, 642, *lv*

*denied* 21 NY3d 1072; *People v Bido*, 235 AD2d 288, 289, *lv denied* 89 NY2d 1009; *see generally People v Ficarotta*, 91 NY2d 244, 249-250), enabling the jury to determine beyond a reasonable doubt both that defendant was the driver of the SUV at all relevant times and that he was a knowing accomplice to the robbery rather than a mere bystander or an accessory after the fact (*see People v Jackson*, 44 NY2d 935, 937; *People v Keitt*, 42 NY2d 926, 927; *People v DeNormand*, 1 AD3d 1047, 1048, *lv denied* 1 NY3d 626; *cf. People v Robinson*, 90 AD2d 249, 250-251, *affd* 60 NY2d 982; *see generally People v Cabey*, 85 NY2d 417, 420-422).

Defendant's further contention that Supreme Court should have severed his trial from that of the codefendants is not preserved for our review because he did not move for a severance (*see People v Woods*, 284 AD2d 995, 996, *lv denied* 96 NY2d 926).  Indeed, no party sought a severance, and the court therefore lacked the authority to grant defendant a separate trial (*see Matter of Brown v Schulman*, 245 AD2d 561, 562, *lv denied* 91 NY2d 814).  Finally, we conclude that defendant has not established that he was denied effective assistance of counsel (*see generally People v Benevento*, 91 NY2d 708, 712-713). In particular, defendant has not shown the absence of strategic or other legitimate explanations for the absence of a severance motion (*see People v McGee*, 20 NY3d 513, 520-521; *People v Barbaran*, 118 AD2d 578, 580, *lv denied* 67 NY2d 1050), or for counsel's choice of defense theories (*see People v Ross*, 209 AD2d 730, 730, *lv denied* 84 NY2d 1038; *see generally People v Satterfield*, 66 NY2d 796, 799-800).

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court