# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1145

KA 14-00997

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

SHEARARD G. GRIFFIN, DEFENDANT-APPELLANT.

---

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Thomas E. Moran, J.), rendered February 25, 2014.  The judgment
convicted defendant, upon a jury verdict, of robbery in the first
degree (two counts) and robbery in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law and a new trial is granted.

Memorandum:  Defendant appeals from a judgment entered upon a
jury verdict convicting him of two counts each of robbery in the first
degree (Penal Law § 160.15 [4]) and robbery in the second degree
(§ 160.10 [1]) in connection with the robbery of two individuals in
temporal proximity.  Contrary to defendant's contention, " '[t]he fact
that defendant's photograph has a slightly lighter background than the
others does not support the conclusion that the identification
procedure was unduly suggestive' " (*People v Evans*, 137 AD3d 1683,
1683, *lv denied* 27 NY3d 1131).

We reject defendant's contention that the evidence is not legally
sufficient to establish his accomplice liability for both crimes and
thus is not legally sufficient to support the conviction (*see
generally People v Bleakley*, 69 NY2d 490, 495).  The People presented
evidence that one of the two men who approached each victim displayed
a silver handgun in his waistband to each of the victims when the two
men demanded that the respective victims hand over their property.
Defendant was seated in the driver's seat of a vehicle matching the
description given by both victims shortly after the offenses were
committed, he was identified by one of the victims as the driver of
the vehicle entered by the two men after they took his property, and
the cellular telephone belonging to the other victim was recovered
from the console of the vehicle.  Viewing the evidence in the light
most favorable to the People (*see People v Contes*, 60 NY2d 620, 621),
we conclude that the evidence is legally sufficient to establish that

defendant was the driver of the vehicle during the relevant times and
"that he was a knowing accomplice to the robber[ies] rather than a
mere bystander or an accessory after the fact" (*People v Evans*, 142
AD3d 1291, 1292; *see People v Jackson*, 44 NY2d 935, 937).  Contrary to
defendant's further contention, upon viewing the evidence in light of
the elements of the crimes as charged to the jury (*see People v
Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not
against the weight of the evidence (*see generally Bleakley*, 69 NY2d at
495).

        We agree with defendant, however, that Supreme Court erred in
denying his challenge for cause to prospective juror No. 13, and we
therefore reverse the judgment and grant a new trial.  Defendant
exhausted his peremptory challenges, and thus the contention is
preserved for our review (*see* CPL 270.20 [2]; *People v Harris*, 19 NY3d
679, 685).  In response to the court's question to the panel whether
anyone "knows something about themselves or their circumstances that
would preclude [them] from being a fair and impartial juror in this
case," the prospective juror in question advised the court that her
ex-husband served as a police officer for 31 years and her two nephews
were police officers.  In response to further questioning, she
responded that she would "probably go towards the officers."  In a
subsequent colloquy with that prospective juror, the court asked:
"But those relationships are not to the extent that you can say
unequivocally that you can't be unfair and impartial, correct?"  The
prospective juror replied, "I feel I couldn't, no."  The court then
asked:  "Can you be fair and impartial; yes or no?" and she replied,
"No."  When asked to provide a reason that she could not be fair and
impartial, the prospective juror responded, "[B]ecause I'm close to
them, you know, the law enforcement."  The court noted that "there's a
lot of people that are close to police officers," to which she
replied, "Right.  Well, you know, you hear things and you get together
and they tell you things.  And so . . ."  The court interjected at
that point, asking:  "If I gave you an instruction, and I will, that
says you base this case only upon what you hear in this room and see
in this room, can you do that?" and the prospective juror replied,
"Yes."  When the court concluded its questioning of the prospective
jurors, the prospective juror did not raise her hand when asked
whether any of the prospective jurors would give more weight or less
weight to the testimony of the police officers, and she replied "yes"
when the court asked each of them to confirm that they would be "fair
and impartial."

        It is well established that " 'a prospective juror whose
statements raise a serious doubt regarding the ability to be impartial
must be excused unless the juror states unequivocally on the record
that he or she can be fair and impartial' " (*Harris*, 19 NY3d at 685,
quoting *People v Chambers*, 97 NY2d 417, 419).  Although the
prospective juror responded affirmatively to the court's question
whether she could base her decision in the case on what she heard and
saw in the courtroom and the general question whether she could be
fair and impartial (*see People v Williams*, 128 AD3d 1522, 1523, *lv
denied* 25 NY3d 1209), she did not provide an "unequivocal assurance
that . . . [she could] set aside [her] bias" toward police officers

who would testify at the trial (*People v Tapia-DeJesus*, 124 AD3d 1404, 1405 [internal quotation marks omitted]; *see People v Nicholas*, 98 NY2d 749, 751-752; *People v Johnson*, 94 NY2d 600, 614; *cf. People v Wright* [appeal No. 2], 104 AD3d 1327, 1327-1328, *lv denied* 21 NY3d 1012).

In light of our determination, we do not reach defendant's remaining contentions.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court