Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered February 25, 2014. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (two counts) and robbery in the second degree (two counts).
*1552 It is hereby ordered that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of two counts each of robbery in the first degree (Penal Law § 160.15 [4]) and robbery in the second degree (§ 160.10 [1]) in connection with the robbery of two individuals in temporal proximity. Contrary to defendant’s contention, “ ‘[t]he fact that defendant’s photograph has a slightly lighter background than the others does not support the conclusion that the identification procedure was unduly suggestive’” (People v Evans, 137 AD3d 1683, 1683 [2016], lv denied 27 NY3d 1131 [2016]).
We reject defendant’s contention that the evidence is not legally sufficient to establish his accomplice liability for both crimes and thus is not legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The People presented evidence that one of the two men who approached each victim displayed a silver handgun in his waistband to each of the victims when the two men demanded that the respective victims hand over their property. Defendant was seated in the driver’s seat of a vehicle matching the description given by both victims shortly after the offenses were committed, he was identified by one of the victims as the driver of the vehicle entered by the two men after they took his property, and the cellular telephone belonging to the other victim was recovered from the console of the vehicle. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant was the driver of the vehicle during the relevant times and “that he was a knowing accomplice to the robber [ies] rather than a mere bystander or an accessory after the fact” (People v Evans, 142 AD3d 1291, 1292 [2016]; see People v Jackson, 44 NY2d 935, 937 [1978]). Contrary to defendant’s further contention, upon viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We agree with defendant, however, that Supreme Court erred in denying his challenge for cause to prospective juror No. 13, and we therefore reverse the judgment and grant a new trial. Defendant exhausted his peremptory challenges, and thus the contention is preserved for our review (see CPL 270.20 [2]; People v Harris, 19 NY3d 679, 685 [2012]). In response to the *1553 court’s question to the panel whether anyone “knows something about themselves or their circumstances that would preclude [them] from being a fair and impartial juror in this case,” the prospective juror in question advised the court that her ex-husband served as a police officer for 31 years and her two nephews were police officers. In response to further questioning, she responded that she would “probably go towards the officers.” In a subsequent colloquy with that prospective juror, the court asked: “But those relationships are not to the extent that you can say unequivocally that you can’t be unfair and impartial, correct?” The prospective juror replied, “I feel I couldn’t, no.” The court then asked: “Can you be fair and impartial; yes or no?” and she replied, “No.” When asked to provide a reason that she could not be fair and impartial, the prospective juror responded, “[B]ecause I’m close to them, you know, the law enforcement.” The court noted that “there’s a lot of people that are close to police officers,” to which she replied, “Right. Well, you know, you hear things and you get together and they tell you things. And so . . .” The court interjected at that point, asking: “If I gave you an instruction, and I will, that says you base this case only upon what you hear in this room and see in this room, can you do that?” and the prospective juror replied, “Yes.” When the court concluded its questioning of the prospective jurors, the prospective juror did not raise her hand when asked whether any of the prospective jurors would give more weight or less weight to the testimony of the police officers, and she replied “yes” when the court asked each of them to confirm that they would be “fair and impartial.”
It is well established that “ ‘a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial’ ” (Harris, 19 NY3d at 685, quoting People v Chambers, 97 NY2d 417, 419 [2002]). Although the prospective juror responded affirmatively to the court’s question whether she could base her decision in the case on what she heard and saw in the courtroom and the general question whether she could be fair and impartial (see People v Williams, 128 AD3d 1522, 1523 [2015], lv denied 25 NY3d 1209 [2015]), she did not provide an “unequivocal assurance that . . . [she could] set aside [her] bias” toward police officers who would testify at the trial (People v Tapia-DeJesus, 124 AD3d 1404, 1405 [2015] [internal quotation marks omitted]; see People v Nicholas, 98 NY2d 749, 751-752 [2002]; People v Johnson, 94 NY2d 600, 614 [2000]; cf. People v Wright [appeal No. 2], 104 AD3d 1327, 1327-1328 [2013], lv denied 21 NY3d 1012 [2013]).
*1554 In light of our determination, we do not reach defendant’s remaining contentions.
Present—Whalen, P.J., Smith, Peradot-to, NeMoyer and Scudder, JJ.