People v Sanchez (2018 NY Slip Op 02661)





People v Sanchez


2018 NY Slip Op 02661


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2014-01788
 (Ind. No. 305/09)

[*1]The People of the State of New York, respondent,
v
Carlos Sanchez, also known as Jorge Bello, appellant.


Patrick Michael Megaro, Forest Hills, NY, for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eric C. Washer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered February 19, 2014, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree and assault in the first degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). The evidence was sufficient to establish that the defendant was a knowing accomplice to murder rather than a mere bystander or an accessory after the fact (see People v Griffin, 145 AD3d 1551; People v Evans, 142 AD3d 1291). The evidence established that the defendant was not merely present at the scene, but intentionally aided his companion in the commission of the murder (see People v Ferrara, 220 AD2d 612; People v Dazi, 195 AD2d 571). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The Supreme Court meaningfully responded to the jury note requesting the elements of murder in the second degree. The court gave the jury exactly the guidance it had asked for, and contrary to the defendant's contention, it was not obliged to add a discussion of acting in concert, which the jury did not request (see People v Martinez, 8 AD3d 8; People v Williams, 297 AD2d 565).
The defendant's remaining contention, regarding that branch of his omnibus motion which was to suppress identification testimony, is without merit (see People v Gill, 99 NY2d 158).
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court