People v Hankerson (2018 NY Slip Op 07327)





People v Hankerson


2018 NY Slip Op 07327


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-10422
 (Ind. No. 1420/11)

[*1]The People of the State of New York, respondent,
v
Rohan Hankerson, appellant.


The Legal Aid Society, New York, NY (Harold V. Ferguson, Jr., of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Christopher J. Blira-Koessler of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.), rendered September 16, 2015, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of stolen property in the fourth degree (eight counts), and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of murder in the second degree, a determinate term of imprisonment of 25 years plus 5 years of postrelease supervision on the conviction of robbery in the first degree, a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree under count 7 of the indictment, and a determinate term of imprisonment of 1 year on the conviction of criminal possession of stolen property in the fifth degree under count 26 of the indictment, with the sentences imposed on those four convictions to run concurrently, and a determinate term of imprisonment of 15 years plus 5 years of postrelease supervision on the conviction of criminal possession of a weapon in the second degree under count 51 of the indictment, to run consecutively to the sentence imposed on the conviction of murder in the second degree, and an indeterminate term of imprisonment of 2 to 4 years for each of the eight convictions of criminal possession of stolen property in the fourth degree, and a determinate term of imprisonment of 1 year for the conviction of criminal possession of stolen property in the fifth degree under count 60 of the indictment, to run concurrently with each other but consecutively to the sentence imposed on the conviction of murder in the second degree and consecutively to the sentence imposed on the conviction of criminal possession of a weapon in the second degree under count 51 of the indictment.
ORDERED that the judgment is modified, as matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the convictions of the two counts of criminal possession of a weapon in the second degree from determinate terms of imprisonment of 15 years to determinate terms of imprisonment of 10 years, and by providing that all sentences imposed shall run concurrently with each other except for the sentence imposed on the conviction of criminal possession of a weapon in the second degree under count 51 of the indictment, which shall run consecutively to those sentences; as so modified, the judgment is affirmed.
The defendant and five codefendants were charged in a 64-count indictment with various crimes in connection with a series of robberies occurring over the course of two weeks in March 2011. After his codefendants pleaded guilty in full satisfaction of the indictment, the defendant proceeded to trial. The prosecution presented evidence that the defendant was the driver of a getaway vehicle in which three of his codefendants escaped after one of the codefendants shot a victim of one of the robberies. The victim subsequently died as a result of the gunshot wound. Additionally, evidence was introduced establishing that the defendant and his codefendants were apprehended in a vehicle in which stolen property, as well as the murder weapon, were recovered. Thereafter, the jury convicted the defendant of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of stolen property in the fourth degree (eight counts), and criminal possession of stolen property in the fifth degree (two counts).
The defendant contends that his convictions of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree were against the weight of the evidence because the evidence was insufficient to establish that he acted in concert with his codefendants. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the evidence here, which included the defendant's statements, videotape footage, and physical evidence, we are satisfied that the jury's finding of accessorial liability was not against the weight of the evidence (see People v Jackson, 44 NY2d 935, 937; People v Keitt, 42 NY2d 926, 927; People v Williams, 156 AD3d 1224, 1228; People v Evans, 142 AD3d 1291, 1291-1292).
The Supreme Court providently exercised its discretion in permitting the People to elicit testimony regarding uncharged crimes, since the probative value of that evidence outweighed the risk of prejudice to the defendant (see People v Molineux, 168 NY 264, 293; People v Wright, 160 AD3d 667, 668; People v Franzese, 154 AD3d 706, 707; People v Cockett, 95 AD3d 1230, 1231). In addition, the court's limiting instruction to the jury served to alleviate any prejudice from the admission of that evidence (see People v Beer, 146 AD3d 895, 896; People v Bell, 136 AD3d 838, 839; People v Holden, 82 AD3d 1007, 1008).
The defendant's claim that the jury's verdict should not have been accepted without inquiry is without merit (see People v Simms, 13 NY3d 867, 871; People v Mercado, 91 NY2d 960, 963; People v Pickett, 61 NY2d 773, 775). No disagreement was expressed by any of the jurors during polling and none of the responses was equivocal (see People v Vazquez, 82 AD3d 1273, 1274).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court