People v Williams (2020 NY Slip Op 03324)





People v Williams


2020 NY Slip Op 03324


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


476 KA 15-01202

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DON WILLIAMS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (HELEN SYME OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 8, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). We affirm.
Defendant contends that Supreme Court erred in denying his challenge for cause to a prospective juror. We reject that contention. The prospective juror's statements did not demonstrate "a state of mind that is likely to preclude" rendering an impartial verdict (CPL 270.20 [1] [b]), or a " preexisting opinion[] that might indicate bias' " (People v Patterson, 34 NY3d 1112, 1113 [2019], quoting People v Arnold, 96 NY2d 358, 363 [2001]). Thus, we agree with the People that the court "was not required to seek an assurance that [the prospective juror] could decide the case impartially" (People v Hall, 169 AD3d 1379, 1380 [4th Dept 2019], lv denied 33 NY3d 976 [2019] [internal quotation marks omitted]; see Patterson, 34 NY3d at 1113). Moreover, even if the prospective juror's statements " cast a serious doubt on [her] ability to render an impartial verdict,' " the record establishes that she gave an " unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence' " (People v Wright [appeal No. 2], 104 AD3d 1327, 1328 [4th Dept 2013], lv denied 21 NY3d 1012 [2013]; see People v Chambers, 97 NY2d 417, 419 [2002]).
Defendant next contends that the court erred when, in response to a jury note, it projected a portion of the court's final instructions on a screen in view of the jury and simultaneously reread that portion of the charge to the jury. We note that the jury had specifically requested that the court project that portion of the instructions on a screen while rereading it to them. We also note that the jury was not supplied with a physical copy of the court's instructions. Under these circumstances, we conclude that the court did not err inasmuch as "[t]he projected charge was substantially the same as the oral charge, and the process took place entirely in the courtroom under the court's supervision and guidance. In short, there was no danger that the jurors would be left to interpret the law themselves" (People v Laracuente, 21 AD3d 1389, 1392 [4th Dept 2005], lv denied 6 NY3d 777 [2006] [internal quotation marks omitted]; see generally People v Williams, 8 AD3d 963, 965 [4th Dept 2004], lv denied 3 NY3d 683 [2004], cert denied 543 US 1070 [2005]).
Defendant contends that he was deprived of a fair trial by a remark made by the court and by comments of the prosecutor on summation and during cross-examination. Defendant, [*2]however, did not object to any of the alleged improprieties, and we therefore conclude that defendant failed to preserve that contention for our review (see CPL 470.05 [2]; see generally People v Fick, 167 AD3d 1484, 1485 [4th Dept 2018], lv denied 33 NY3d 948 [2019]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, defendant contends that the court erred in refusing to suppress physical evidence based on its determination following a Darden hearing with respect to the confidential informant relied upon by the police. We reject that contention (see generally People v Edwards, 95 NY2d 486, 493-494 [2000]; People v Darden, 34 NY2d 177, 181-182 [1974], rearg denied 34 NY2d 995 [1974]). Having reviewed the sealed transcript of the Darden hearing and the summary report made available to defendant and the People, we conclude that the court properly determined that the confidential informant existed and provided the information to the police (see People v Brown [appeal No. 1], 93 AD3d 1231, 1231 [4th Dept 2012], lv denied 19 NY3d 958 [2012]), and that the informant was reliable and had a basis for his or her knowledge that defendant was in possession of a gun and drugs or drug paraphernalia (see People v Mitchum, 130 AD3d 1466, 1468 [4th Dept 2015]; People v Henry, 74 AD3d 1860, 1861-1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court