People v Lewis-Bush (2022 NY Slip Op 02675)

People v Lewis-bush

2022 NY Slip Op 02675

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

245 KA 19-02255

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAHKEEN LEWIS-BUSH, DEFENDANT-APPELLANT. 

KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 29, 2019. The judgment convicted defendant upon a jury verdict of attempted murder in the second degree, attempted assault in the first degree and criminal possession of a weapon in the second degree (six counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by directing that the sentences on all counts shall run concurrently with respect to each other, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), attempted assault in the first degree
(§§ 110.00, 120.10 [1]), and six counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). Defendant's conviction stems from his conduct in driving a vehicle in which the codefendants were passengers and parking that vehicle near a gas station, where he waited while the codefendants exited the vehicle, walked to the gas station, and opened fire on a vehicle that was parked there with the driver inside. When the codefendants ran back to defendant's vehicle, police officers in a nearby patrol car quickly apprehended defendant and the codefendants.
Defendant contends that County Court failed to perceive its discretion under CPL 210.20 (4) when it granted the People's request to resubmit the matter to a second grand jury. Defendant failed to preserve that contention for our review (see CPL 470.15 [6] [a]), and we conclude that it is without merit in any event (see generally People v Lewis, 138 AD3d 1495, 1495-1496 [4th Dept 2016], lv denied 28 NY3d 932 [2016]). Although the court cited to an incorrect statute in granting the People's motion, the order shows that the court was aware that it had the discretion to grant or deny the motion. We reject defendant's further contention that the prosecutor's opening statement was deficient. The opening statement "sufficiently set forth the charges and facts that the People expected to prove" (People v Manchester, 123 AD3d 1285, 1288 [3d Dept 2014], lv denied 26 NY3d 931 [2015]; see People v Kurtz, 51 NY2d 380, 384 [1980], cert denied 451 US 911 [1981]; People v Nuffer, 70 AD3d 1299, 1300 [4th Dept 2010]).
Defendant contends that the evidence is legally insufficient because the People failed to establish that he shared a community of purpose with the codefendants, who were the actual shooters, and failed to establish that the victim was the intended target. Defendant's latter contention is not preserved for our review because he did not raise that ground in support of his motion for a trial order of dismissal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Carpenter, 187 AD3d 1556, 1557-1558 [4th Dept 2020], lv denied 36 NY3d 970 [2020]), and we otherwise reject his contention. Surveillance video showed defendant driving into the gas station at the same time that the victim entered that same gas station from another entrance. Defendant [*2]drove his vehicle slowly past a gas pump and exited the lot, then drove the vehicle to an adjacent street and stopped the vehicle abruptly, just past the station. Defendant never put the vehicle in park as he waited for the codefendants to return to the vehicle. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish that defendant was a knowing accomplice to the attempted murder of the victim (see People v McGee, 87 AD3d 1400, 1401-1402 [4th Dept 2011], affd 20 NY3d 513 [2013]; People v Griffin, 145 AD3d 1551, 1552 [4th Dept 2016]; see generally People v Scott, 25 NY3d 1107, 1109-1110 [2015]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant next contends that the court erred in denying his request for a missing witness charge with respect to the victim. "A missing witness charge is appropriate when three conditions are met. First, the witness's knowledge must be material to the trial . . . Second, the witness must be expected to give noncumulative testimony favorable to the party against whom the charge is sought . . . Third, the witness must be available to that party" (People v Smith, 33 NY3d 454, 458 [2019] [internal quotation marks omitted]). Here, defendant met his initial burden of demonstrating "(1) that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, (2) that such witness can be expected to testify favorably to the opposing party, and (3) that such party has failed to call the witness to testify" (id. at 458-459 [internal quotation marks omitted]). The People, however, established that the charge "would not be appropriate" because the witness was unavailable (id. at 459; see People v Mayes, 200 AD3d 718, 719 [2d Dept 2021], lv denied 38 NY3d 929 [2022]; see generally People v Gonzalez, 68 NY2d 424, 428 [1986]). The People explained that they had intended to call the victim as a witness, but he did not appear at trial as scheduled. The court granted the People an adjournment and issued a material witness warrant. At the adjourned date, the People set forth their attempts to locate the victim, which were unsuccessful. The court determined that the People had exercised due diligence, and we conclude that the court did not err in denying defendant's request (see People v Williams, 94 AD3d 1555, 1556 [4th Dept 2012]; People v Mobley, 77 AD3d 488, 489 [1st Dept 2010], lv denied 15 NY3d 954 [2010]).
Defendant contends that he was denied effective assistance of counsel because defense counsel failed to call certain witnesses who would have provided exculpatory testimony. We reject that contention. The record supports the conclusion that defense counsel had strategic and legitimate reasons for not calling those witnesses inasmuch as there were concerns with respect to their credibility (see People v Addison, 199 AD3d 1321, 1325 [4th Dept 2021]; see generally People v Nicholson, 26 NY3d 813, 831 [2016]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we further conclude, contrary to the remaining claims of ineffective assistance of counsel raised by defendant, that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant contends that the court failed to make a sufficient inquiry regarding an actual conflict of interest, which defendant did not waive, with respect to the representation of the victim by the same attorney who represented defendant during posttrial proceedings. Contrary to defendant's contention, there existed in this case only a potential conflict of interest, not an actual conflict of interest (see generally People v Sanchez, 21 NY3d 216, 222-223 [2013]; People v Solomon, 20 NY3d 91, 97-98 [2012]). That attorney was not assigned to represent defendant in this matter until after the conclusion of defendant's trial, and there was no indication that the attorney was still representing the victim at that time. With respect to the potential conflict of interest, defendant failed to establish that the potential conflict "actually operated on the defense" (Sanchez, 21 NY3d at 223; see People v McCutcheon, 109 AD3d 1086, 1087 [4th Dept 2013], lv denied 22 NY3d 1042 [2013]; People v Lewis, 97 AD3d 1097, 1098 [4th Dept 2012], lv denied 19 NY3d 1103 [2012]), and thus reversal is not required.
Defendant contends that the court erred in failing to hold a hearing on his CPL 330.30 (1) motion to set aside the verdict on the ground of ineffective assistance of counsel. We reject that contention. Defendant's allegations in his motion papers concerned matters outside the record, and the court "lacked the authority to consider facts not appearing on the record" in determining the motion (People v Green, 92 AD3d 894, 896 [2d Dept 2012], lv denied 19 NY3d 961 [2012]; [*3]see People v Hardy, 49 AD3d 1232, 1233 [4th Dept 2008], affd 13 NY3d 805 [2009]).
Finally, we agree with defendant that the sentence is unduly harsh and severe, particularly considering the disparity between the plea offer and the sentence received. We therefore modify the judgment as a matter of discretion in the interest of justice by directing that all of the sentences shall run concurrently with each other (see CPL 470.15 [6] [b]).
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court