People v Glover (2022 NY Slip Op 02918)

People v Glover

2022 NY Slip Op 02918

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND WINSLOW, JJ.

355 KA 18-01172

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MASTER T. GLOVER, DEFENDANT-APPELLANT. 

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered November 30, 2017. The judgment convicted defendant upon a plea of guilty of criminal possession of a controlled substance in the third degree (two counts), criminal sale of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal possession of a controlled substance in the third degree (Penal Law
§ 220.16 [1]) and one count of criminal sale of a controlled substance in the third degree (§ 220.39 [1]). Defendant was indicted after the execution of a search warrant by police officers acting on information provided by a confidential informant. After an in camera Darden hearing (see People v Darden, 34 NY2d 177, 181 [1974], rearg denied 34 NY2d 995 [1974]; see generally People v Edwards, 95 NY2d 486, 493-494 [2000]), County Court determined that the confidential informant "actually existed and . . . [had] engaged in the drug transactions as referenced in the search warrant application." On appeal, defendant contends that the court erred in its determination. We have reviewed the sealed transcript of the Darden hearing, as well as the court's summary report that was made available to defendant, and we conclude that the court properly determined that "the informant existed and
. . . provided the information to the police concerning the . . . drug sales at the specified location" that was the subject of the search warrant (People v Wilson, 48 AD3d 1099, 1100 [4th Dept 2008], lv denied 10 NY3d 845 [2008]; see People v Williams, 184 AD3d 1125, 1127 [4th Dept 2020], affd 37 NY3d 314 [2021]).
Contrary to defendant's further contention, the period of postrelease supervision is not unduly harsh or severe.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court