People v Sedore (2024 NY Slip Op 02437)

People v Sedore

2024 NY Slip Op 02437

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

249 KA 22-00089

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK J. SEDORE, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered April 25, 2019. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (three counts), burglary in the second degree, robbery in the first degree (two counts), kidnapping in the second degree, assault in the second degree, and grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of burglary in the first degree (Penal Law § 140.30 [1], [2], [3]), two counts of robbery in the first degree (§ 160.15 [2], [3]), and one count each of burglary in the second degree (§ 140.25 [2]), kidnapping in the second degree (§ 135.20), assault in the second degree (§ 120.05 [2]), and grand larceny in the fourth degree (§ 155.30 [7]). We affirm.
Defendant contends that County Court erred in denying his challenge for cause to a prospective juror. We reject that contention. The prospective juror's statements did not demonstrate "a state of mind that is likely to preclude" rendering an impartial verdict (CPL 270.20 [1] [b]), or a " 'preexisting opinion[ ] that might indicate bias' " (People v Patterson, 34 NY3d 1112, 1113 [2019], quoting People v Arnold, 96 NY2d 358, 363 [2001]). Thus, we agree with the People that the court "was not required to seek an assurance that [the prospective juror] could decide the case impartially" (People v Williams, 184 AD3d 1125, 1126 [4th Dept 2020], affd 37 NY3d 314 [2021] [internal quotation marks omitted]; see People v Hall, 169 AD3d 1379, 1380 [4th Dept 2019], lv denied 33 NY3d 976 [2019] [internal quotation marks omitted]). Moreover, even if the prospective juror's statements " 'cast serious doubt on [her] ability to render an impartial verdict,' " the record establishes that she gave an " 'unequivocal assurance that [she could] set aside any bias and render an impartial verdict based on the evidence' " (People v Wright [appeal No. 2], 104 AD3d 1327, 1328 [4th Dept 2013], lv denied 21 NY3d 1012 [2013]).
Defendant next contends that the prosecutor's response to a Batson challenge was pretextual and thus, the court erred in summarily concluding that the prosecutor's response was sufficient. Because defendant "failed to articulate to the court 'any reason why he believed that the prosecutor's explanation [was] pretextual,' " he has failed to preserve that contention for our review (People v Bodine, 283 AD2d 979, 979 [4th Dept 2001], lv denied 96 NY2d 898 [2001]; see People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]).
Defendant further contends that he did not receive adequate notice of the persistent felony offender proceeding as provided in CPL 400.20 (4). Even assuming, arguendo, that the People failed to comply with that provision by not sending notice of the proceeding to defendant, we conclude that " 'strict compliance with the statute was not required inasmuch as defendant [*2]received reasonable notice of the accusations against him and was provided an opportunity to be heard with respect to those accusations during the persistent felony offender proceeding' " (People v Williams, 163 AD3d 1422, 1424 [4th Dept 2018]; see People v Gonzalez, 61 AD3d 1428, 1428-1429 [4th Dept 2009], lv denied 12 NY3d 925 [2009]).
The sentence is not unduly harsh or severe. Finally, we have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court