People v Bradley (2024 NY Slip Op 02421)

People v Bradley

2024 NY Slip Op 02421

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

180 KA 21-01380

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PHILLIP BRADLEY, DEFENDANT-APPELLANT. 

RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered July 27, 2021. The judgment convicted defendant, upon a jury verdict, of riot in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of riot in the first degree (Penal Law § 240.06 [2]). The conviction arises from an incident at the Auburn Correctional Facility (prison) during which several inmates, including defendant, became violent and several correction officers were injured.
Contrary to defendant's contention, County Court's Sandoval ruling did not constitute an abuse of discretion. The court allowed the prosecutor to inquire about defendant's prior conviction of assault in the first degree, but would not allow inquiry into the underlying facts of that conviction (see People v Lee, 275 AD2d 995, 996-997 [4th Dept 2000], lv denied 95 NY2d 966 [2000]). It is well established that "questioning concerning other crimes is not automatically precluded simply because the crimes to be inquired about are similar to the [crime or] crimes charged" (People v Pavao, 59 NY2d 282, 292 [1983]).
Defendant further contends that the court erred in denying his for-cause challenge to a prospective juror, which was based on the prospective juror's failure to include on the jury questionnaire certain information that she later disclosed in response to voir dire questioning. We reject that contention. Here, the prospective juror's omissions on the questionnaire did not demonstrate "a state of mind that is likely to preclude" rendering an impartial verdict (CPL 270.20 [1] [b]), or a " 'preexisting opinion[ ] that might indicate bias' " (People v Patterson, 34 NY3d 1112, 1113 [2019], quoting People v Arnold, 96 NY2d 358, 363 [2001]; see People v Williams, 184 AD3d 1125, 1126 [4th Dept 2020], affd 37 NY3d 314 [2021]). Although the prospective juror did not disclose on the questionnaire that she had at least one relative who had previously worked at the prison, "there was no indication that the juror knew or had a professional or personal relationship with any of the People's witnesses or counsel" (People v Ellis, 34 NY3d 1092, 1093 [2019]). Moreover, under the circumstances of this case, it cannot be said that the prospective juror's impartiality was compromised by the fact that she "had [a relative or] relatives in the same profession" as the People's witnesses (id. [internal quotation marks omitted]).
To the extent that defendant preserved for our review his contention that the conviction is not supported by legally sufficient evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), that contention lacks merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, contrary to defendant's contention, we conclude that the fine imposed as a component of defendant's sentence is not unduly harsh or severe.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court