■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES M. WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered August 25, 1989, convicting him of reckless endangerment in the second degree, criminal possession of stolen property in the fourth degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

On the morning of February 3, 1989, at 2:00 A.M., two Police Officers observed a blue Pontiac Firebird proceeding at an estimated speed of 55 miles-per-hour in a 30 miles-per-hour speed zone. After traveling a short distance with the officers in pursuit, the operator of the vehicle, still exceeding the speed limit, encountered another vehicle stopped in the roadway and was forced to veer off the road and into a muddy area adjacent thereto. Before exiting their vehicle, the officers positioned their car so as to prevent the Firebird's reentry onto the roadway and turned on their overhead lights. As the officers approached the Firebird, the operator continued to race the engine, causing it to lurch forward. The forward progress of the vehicle was stopped when it struck a mound of dirt. The operator's continued attempts to accelerate the vehicle caused it to sink deeper into the soft ground.

As the officers approached the vehicle with their guns drawn, the defendant emerged from the driver's side and made an unsolicited statement that he had taken the vehicle because shots were being fired at him. In the course of removing a female passenger from the other side of the car, the arresting officer noticed that the car's ignition had been removed. He also observed tools, including pry bars, flashlights and screwdrivers, as well as a radio, lying on the floor of the vehicle. The defendant and his passenger were then placed under arrest and a subsequent radio inquiry with

respect to the Firebird's license plates revealed that it had been reported stolen. A search of the vehicle at the police station revealed several radios and bags of tools. The defendant later confessed that he had stolen the car and used it while performing a series of car radio thefts.

We find that the police had probable cause to arrest the defendant from the time he attempted to run down one of the arresting officers. Moreover, inasmuch as his possession of the vehicle was concededly unlawful, the defendant lacks standing to challenge the search of the vehicle (see, People v Mercado, 114 AD2d 377, 379; People v Gittens, 110 AD2d 908).

In any event, the search of the vehicle was proper under the automobile exception to the warrant requirement, inasmuch as the officers had reason to believe that the vehicle and its visible contents might have been related to the theft of the car (see, People v Blasich, 73 NY2d 673; People v Langen, 60 NY2d 170, cert denied 465 US 1028; People v Belton, 55 NY2d 49). The fact that the search of the car was conducted after the vehicle had been brought to the police station does not dissipate the justification for a warrantless search conducted upon probable cause pursuant to the automobile exception (see, People v Blasich, supra, at 681). Furthermore, in light of the officers' knowledge that the car had been stolen, the search of the automobile was justified as an inventory search (see, People v Gonzalez, 62 NY2d 386).

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Kunzeman, J. P., Sullivan, Lawrence and O'Brien, JJ., concur.