■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT FRAZIER, Appellant. [655 NYS2d 1007] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered May 15, 1995, convicting him of robbery in the first degree (two counts), robbery in the second degree (six counts), assault in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and sentencing him to consecutive terms of imprisonment of 10 to 20 years on the convictions of robbery in the first degree, $7^1/_2$ to 15 years imprisonment, to run consecutive to the sentences for robbery in the first degree, on one count of robbery in the second degree, $7^1/_2$ to 15 years imprisonment, to run consecutive to the first three sentences, on a second count of robbery in the second degree, $7^1/_2$ to 15 years imprisonment, to run concurrent with the first four sentences, on each of three counts of robbery in the second degree, and concurrent terms of imprisonment of one year for criminal possession of stolen property in the fifth degree, $3^1/_2$ to 7 years for assault in the second degree, and one year for each conviction of criminal possession of a weapon in the fourth degree.

Ordered that the judgment is modified, on the law, by vacating the sentences imposed upon the defendant's convictions of robbery in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing on those convictions.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, the trial court failed to specifically pronounce sentence on each of the counts of which the defendant was

convicted. Specifically, the court mentioned only five sentences for robbery in the second degree when the defendant was convicted of six counts of that crime. Accordingly, the matter must be remitted for resentencing on those convictions *(see,* CPL 380.20; *People v Sturgis,* 69 NY2d 816; *People v Santiago,* 231 AD2d 652; *People v Moore,* 194 AD2d 695; *People v Hansley,* 88 AD2d 622).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.