■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARCUS LINDSEY, Respondent. [670 NYS2d 865] —Appeal by the People from an order of the Supreme Court, Kings County (Pesce, J.), dated April 11, 1997, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

The defendant was charged with, *inter alia,* assault in the first degree for having slashed a woman's face with a box-cutter. Following the denial of the defendant's *Wade* motion, the People announced that they were not ready to proceed to trial. The court, *sua sponte,* adjourned the case for six months. Prior to the expiration of the six-month period, the People moved to advance the case on the calendar. This motion was denied. In granting the defendant's speedy trial motion, the court charged the entire period from the denial of the People's motion to the original adjourn date to the People. This was error.

Although a *sua sponte* adjournment without a request by or the consent of the defendant is normally chargeable to the People (*see,* CPL 30.30 [4] [b]; *People v Meierdiercks,* 68 NY2d 613), the lengthy adjournment here was patently unreasonable. Although the People did not request a specific adjourn date, the record shows that the complainant, who knew and identified the defendant as her assailant, was available and the People were simply waiting for another witness to return from vacation. Clearly, the People would not have requested or required a six-month adjournment to obtain this witness's testimony.

Moreover, contrary to the Supreme Court's reasoning, the People are not required to affirmatively prove that they are in fact ready for trial when they make that announcement (*see, People v Wilson,* 86 NY2d 753; *People v Caussade,* 162 AD2d 4). Here, the prosecutor's affirmation stating that the People were now ready to proceed and the People's statement of readiness, submitted in support of the motion to advance, were sufficient to indicate the People's readiness. The court's refusal to advance the case had no bearing on the People's readiness to proceed (*see, People v Chang,* 176 AD2d 951).

Subtracting the time period from the denial of the People's motion to the original adjourn date from the time charged to the People brings the total chargeable time to less than the statutory six-month period (*see,* CPL 30.30 [1] [a]). Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.