■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR SANCHEZ, Appellant. [675 NYS2d 140] —Appeal by the de-

fendant (1) from a judgment of the Supreme Court, Kings County (Rappaport, J.), rendered June 27, 1994, convicting him under Indictment No. 14513/92 of sexual abuse in the first degree (two counts), criminal contempt in the second degree (three counts), and aggravated harassment in the second degree (three counts), upon a jury verdict, and imposing sentence, (2) from a judgment of the same court, also rendered June 27, 1994, convicting him under Indictment No. 12303/93 of conspiracy in the second degree (three counts) and conspiracy in the fourth degree, upon a jury verdict, and sentencing him to indeterminate terms of $12\frac{1}{2}$ to 25 years imprisonment for each count of conspiracy in the second degree and $3\frac{1}{2}$ to 7 years imprisonment for conspiracy in the fourth degree, all terms of imprisonment to run consecutively to each other and concurrently to the sentences imposed under Indictment No. 14513/92, and (3), by permission, from three orders of the same court, dated December 12, 1994, August 1, 1995, and April 11, 1997, respectively, which denied, without hearings, his separate motions pursuant to CPL 440.10 to vacate the judgments of conviction.

Ordered that the judgment under Indictment No. 14513/92 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 12303/93 is modified, on the law, by directing that the sentences imposed thereunder shall run concurrently to each other; as so modified, the judgment is affirmed; and it is further,

Ordered that the orders are affirmed.

The Supreme Court properly denied the defendant's respective motions to dismiss the indictments pursuant to CPL 30.30. With regard to Indictment No. 12303/93, the court determined that the 54-day period from July 23, 1993, to September 15, 1993, should be excluded as a reasonable period attributable to pretrial motion practice, and we find no basis to disagree (*see,* CPL 30.30 [4] [a]; *People v Fluellen,* 160 AD2d 219; *cf., People v Cortes,* 80 NY2d 201, 212). With regard to Indictment No. 14513/92, the People's January 28, 1993, declaration of readiness was not rendered illusory by their subsequent filing of a consolidation motion (*see, People v Howard,* 235 AD2d 232).

The record does not support the defendant's contention that his waiver of the right to be present at certain side-bar conferences during jury selection (*see, People v Antommarchi,* 80 NY2d 247) was coerced by the trial court. Presented with the choice of either having the jury panel escorted in and out of the courtroom during these conferences or waiving his right to be present, the defendant made an informed strategic decision to

waive his right to be present (*see, People v Vargas,* 88 NY2d 363; *People v Moton,* 215 AD2d 781).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt for the counts of conspiracy in the second degree under Indictment No. 12303/93 was not against the weight of the evidence (*see,* CPL 470.15 [5]). The record reveals that the defendant and the confidential informant entered into an agreement whereby the confidential informant would obtain a handgun for the defendant and they would work together to carry out the murders in question.

Under the circumstances of this case, the sentences imposed on the three counts of conspiracy in the second degree must run concurrently with each other because those crimes were committed through a single act (*see,* Penal Law § 70.25 [2]). Likewise, the sentence imposed for conspiracy in the fourth degree must run concurrently with the sentences imposed for conspiracy in the second degree because the act which constituted conspiracy in the fourth degree was a material element of conspiracy in the second degree (*see,* Penal Law § 70.25 [2]). We have modified the sentence accordingly.

Finally, it was not error for the Supreme Court, in its respective orders dated December 12, 1994, August 1, 1995, and April 11, 1997, to deny, without a hearing, the defendant's motions pursuant to CPL 440.10 (*see,* CPL 440.30 [4] [b]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.