■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRENT FRAZIER, Appellant. [716 NYS2d 607] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 31, 1997 (*People v Frazier,* 237 AD2d 618), modifying a judgment of the Supreme Court, Kings County, rendered May 15, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Altman, McGinity and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RENE GALINDO, Respondent. [716 NYS2d 908] —Appeal by the People from an order of the Supreme Court, Queens County (Buchter, J.), dated December 20, 1999, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The evidence is sufficient to support the conclusion that the attorney for the defendant consented to an adjournment from September 23, 1999, to October 12, 1999. That period of time should not have been charged to the People (*see,* CPL 30.30 [4] [b]; *People v Liotta,* 79 NY2d 841; *People v Notholt,* 242 AD2d 251). Therefore, the People were ready within the 180-day period defined in CPL 30.30, and the defendant's motion to dismiss the indictment should have been denied. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.