■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA LABRECK, Appellant. [730 NYS2d 616] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress oral statements given on December 16, 1997 and oral and written statements given on December 17, 1997. Although defendant was in handcuffs for a period of time on December 16, 1997, the record supports the court's finding that defendant was not in custody (*see, People v Yukl,* 25 NY2d 585, 589, *rearg denied* 26 NY2d 883, *cert denied* 400 US 851; *see also, People v Allen,* 73 NY2d 378, 379-380). Defendant was restrained because she was belligerent and interfering with ambulance personnel who were trying to attend to the victim, "not because the police had decided that [s]he was the perpetrator" (*People v Cole,* 233 AD2d 247, 248, *lv denied* 89 NY2d 984). The record also supports the court's finding that defendant was not in custody on December 17, 1997 prior to receiving her *Miranda* warnings. Defendant was told that she was free to leave upon her release from jail on an unrelated charge. We reject the further contention of defendant that her statements were involuntary. Based upon the totality of the circumstances, we conclude that the statements were voluntarily given (*see, People v Jones,* 273 AD2d 889, *lv denied* 95 NY2d 854).

Defendant failed to preserve for our review her challenge to the legal sufficiency of the evidence with respect to the conviction of depraved indifference murder (Penal Law § 125.25 [2]; *see, People v Gray,* 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620, 621), we conclude that it is legally sufficient to establish beyond a reasonable doubt that defendant

committed that crime (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant also failed to preserve for our review her contention that the court abused its discretion in allowing the jury to take notes when the court reinstructed the jury with respect to depraved indifference murder (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Jefferson County Court, Clary, J.—Murder, 2nd Degree.) Present—Pine, J. P., Hayes, Hurlbutt, Burns and Gorski, JJ.