■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS MARTIN, Appellant. [813 NYS2d 207]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered June 13, 2003, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is clear from the record that defense counsel consented to the adjournment from September 27, 2002 until January 27,

2003 (*see People v Galindo,* 278 AD2d 243 [2000]; *People v Lindsey,* 248 AD2d 729 [1998]). Also, the People's motions for subsequent adjournments did not vitiate their prior announcement of their readiness for trial (*see People v Rouse,* 4 AD3d 553, 556 [2004]; *People v Rogers,* 8 AD3d 888, 889 [2004]; *People v Sanchez,* 252 AD2d 508 [1998]). Therefore, the People were ready for trial within the six-month period prescribed in CPL 30.30 (1) (a).

The search of the defendant's vehicle by the police was a proper warrantless search pursuant to the automobile exception because they had probable cause to believe that it "contain[ed] contraband, evidence of [a] crime, a weapon or some means of escape" (*People v Blasich,* 73 NY2d 673, 678 [1989]; *see People v Collado,* 304 AD2d 836 [2003]; *People v Williams,* 173 AD2d 663, 664 [1991]).

The court also properly admitted the testimony of the defendant's girlfriend, who testified that the defendant possessed a gun a few months before the robbery (*see People v Vails,* 43 NY2d 364 [1977]; *People v Robinson,* 200 AD2d 693, 694 [1994]; *People v Mangarella,* 190 AD2d 757 [1993]). The defendant's contention that the court improperly handled an allegedly sleeping juror is unpreserved for appellate review and, in any case, is without merit (*see* CPL 470.05; *People v McIntyre,* 193 AD2d 626 [1993]). Finally, the improper comment by the prosecutor during his opening statement was harmless in light of the curative instruction give by the court and the overwhelming evidence of the defendant's guilt (*see People v Santana,* 5 AD3d 798 [2004]; *People v Sanders,* 213 AD2d 432 [1995]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.