The People of the State of New York, Respondent, v Thomas B. Newman, Appellant. [829 NYS2d 670]—

Appeals by the defendant from two judgments of the Supreme Court, Suffolk County (Doyle, J.), both rendered July 26, 2005, convicting him of conspiracy in the sixth degree (two counts, one each under Indictment Nos. 532-03 and 540-03), upon jury verdicts, and imposing sentences. The appeals bring up for review the denial of that branch of the defendant's omnibus motion which was to suppress evidence obtained pursuant to an eavesdropping warrant.

Ordered that the judgments are affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

The defendant was charged under two separate indictments with conspiracy in the sixth degree, for conspiracy to commit criminal possession of a controlled substance in the seventh degree with different individuals. The indictments were jointly tried.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (see CPL 470.15 [5]).

The issuance of the eavesdropping warrant on the defendant's telephone lines was supported by probable cause (see CPL 700.15; People v Tambe, 71 NY2d 492, 500 [1988]; People v Truver, 244 AD2d 990 [1997]).

The People did not cause a delay in bringing this case to trial. The People's declaration of readiness for trial at the defendant's arraignment was not vitiated or rendered illusory by their subsequent filing of a consolidation motion (see People v Martin, 28 AD3d 583 [2006]; People v Sanchez, 252 AD2d 508 [1998]). There is no evidence of dereliction on the part of the People. Any delay was either attributable to the court, or was a delay to which the defendant consented by failing to object (see People v Goss, 87 NY2d 792, 797 [1996]; People v Missirian, 154 AD2d 625 [1989]). Finally, the defendant executed a written waiver of

his CPL 30.30 rights through his attorney on October 15, 2002, and that waiver was not revoked. Thus, any delay was excludable and not chargeable to the People (*see People v. Waldron,* 6 NY3d 463, 467 [2006]).

The defendant's sentences were not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contention regarding the prosecutor's summation is unpreserved for appellate review and, in any event, is without merit. The defendant's contention regarding the court's charge to the jury is without merit. Spolzino, J.P., Ritter, Covello and Balkin, JJ., concur.