■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRICIA BENARD, Appellant. [895 NYS2d 133]—

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Finger*, 95 NY2d 894, 895 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court properly denied the defendant's motion to dismiss the indictment on CPL 30.30 grounds. One day after her arraignment on a felony complaint, the defendant, through her attorney, executed a written waiver of her CPL 30.30 rights. As the defendant never revoked this waiver, only one day was chargeable to the People (*see People v Waldron*, 6 NY3d 463, 467 [2006]; *People v Newman*, 37 AD3d 621 [2007]).

The defendant's contention that the Supreme Court failed to respond meaningfully to three notes from the jury regarding the counts charging criminal possession of a forged instrument in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Starling*, 85 NY2d 509, 516 [1995]; *People v Romgobind*, 40 AD3d 1133 [2007]; *People v Clark*, 298 AD2d 461 [2002]). In any event, the Supreme Court's responses to the notes, which were discussed with counsel before they were rendered, were meaningful (*see People v Steinberg*, 79 NY2d 673, 684 [1992]; *People v Fair*, 308 AD2d 597 [2003]).

Trial counsel provided meaningful representation at all stages of the proceedings (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Felix*, 58 NY2d 156 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]). Skelos, J.P., Dickerson, Lott and Roman, JJ., concur.