People v Harriott (2020 NY Slip Op 02038)





People v Harriott


2020 NY Slip Op 02038


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2018-07751
 (Ind. No. 17-00593)

[*1]The People of the State of New York, respondent,
v
Antonio Harriott, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (William L. DeProspo, J.), rendered June 7, 2018, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 13 years, to be followed by 5 years of postrelease supervision.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from a determinate term of imprisonment of 13 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 10 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
The defendant's contention that the trial court erred in failing to provide the jury with a written copy of the elements of the crimes charged, as per the jury's request, is unpreserved for appellate review (see CPL 470.05[2]). Defense counsel was made aware of the contents of the jury note. Counsel not only did not object to the court's proposed response that it would only provide the jury with an oral re-reading of the elements of the crimes charged (see People v Mack, 27 NY3d 534, 537), counsel opposed providing the written copy. Thus, the defendant's contention is without merit. After learning of the jury's request, defense counsel took the position that the jury was "not entitled to the copy of the charges." "[I]t is impermissible for a court on its own initiative to distribute written excerpts of its charge to the jury over [the] defendant's objection" (People v Martell, 91 NY2d 782, 785-786). Moreover, the court's response to the jury note was meaningful (see People v Santi, 3 NY3d 234, 249), and the defendant suffered no discernable prejudice from the court's handling of the note (see People v Battle, 15 AD3d 413, 414).
The defendant's contention that the trial court improperly denied his request to charge criminal possession of a weapon in the fourth degree (Penal Law § 265.01[1]) as a lesser included offense of criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) is also without merit. Although criminal possession of a weapon in the fourth degree is a lesser included offense of criminal possession of a weapon in the second degree, there was no reasonable view of the evidence that the defendant committed the lesser, but not the greater, offense (see People v Melendez, 71 AD3d 1166, 1167; People v Laing, 66 AD3d 1353, 1355).
The defendant's contention that the People improperly failed to conduct a forensic examination of his hands and clothing to determine whether he fired a weapon is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court