People v Perkins (2020 NY Slip Op 03425)





People v Perkins


2020 NY Slip Op 03425


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05449
 (Ind. No. 2259/14)

[*1]The People of the State of New York, respondent,
v
Thomas E. Perkins, appellant.


Zachary Margulis-Ohnuma, New York, NY (Adam Elewa of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Sharon Y. Brodt of counsel), for respondent.
Nathan Freed Wessler, New York, NY (Esha Bhandari, Hugh Handeyside, Christopher Dunn, and Aadhithi Padmanabhan of counsel; Adam Schwartz, Sophia Cope, and Aaron Mackey on the brief), for amici curiae American Civil Liberties Union, Electronic Frontier Foundation, and New York Civil Liberties Union.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered April 6, 2017, convicting him of possessing a sexual performance by a child (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ronald D. Hollie, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials, and the denial (Richard L. Buchter, J.), without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial. By decision and order of this Court dated September 11, 2019, the matter was remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial, and the appeal was held in abeyance in the interim (see People v Perkins, 175 AD3d 1327). The Supreme Court, Queens County (Richard L. Buchter, J.), has now filed its report.
ORDERED that the judgment is affirmed.
The defendant, an airline pilot, was arrested after flying from Montreal to John F. Kennedy airport (hereinafter JFK airport), where a manual search of his iPad revealed still images of child pornography. A later forensic search of the iPad conducted pursuant to a warrant revealed two video files. Following a trial, the defendant was convicted of two counts of possessing a sexual performance by a child, related to the two video files. The defendant appeals.
The defendant contends that the Supreme Court erred in denying his motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial because the People failed to demonstrate their entitlement to exclude the period from May 19, 2014, through July 8, 2014. In a decision and order dated September 11, 2019, we remitted the matter to the Supreme Court, Queens County, to hear and report on this issue (see People v [*2]Perkins, 175 AD3d 1327). At the hearing on remittitur, the People established that the defendant waived his speedy trial rights for that period of time (see People v Dickinson, 18 NY3d 835, 836; People v Waldron, 6 NY3d 463, 467-468). Accordingly, we agree with the denial of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial.
We also agree with the denial of that branch of the defendant's omnibus motion which was to suppress the contents of his iPad. At a suppression hearing, Special Agent Gregory Stemkowski of the Department of Homeland Security (hereinafter DHS) testified that he received a phone call from a DHS Agent in Texas advising that the DHS Agent in Texas had executed a search warrant on a residence associated with the defendant's family in relation to child pornography that was downloaded to the IP address for that residence. The DHS Agent in Texas had been unable to find any child pornography at the residence, but believed that the defendant may have had child pornography on his electronic devices he was carrying, since the defendant's family indicated that the defendant had access to the residence's wi-fi. When the defendant landed at JFK airport, Customs and Border Patrol Agents escorted him to an interview room where he was met by Agent Stemkowski and another DHS Agent. The defendant asked whether he was free to leave. Agent Stemkowski responded that he was, and that the defendant had two options: unlock the devices so the Agents could examine it, or the Agents would retain the equipment for a forensic examination. The defendant entered his iPad password and handed Agent Stemkowski the iPad. Agent Stemkowski then clicked on the photos button of the iPad and saw six photos of suspected child pornography. Later, a forensic search of the iPad conducted pursuant to a warrant revealed two video files depicting sexual performances by children.
Because "[t]he Government's interest in preventing the entry of unwanted persons and effects is at its zenith at the international border," and "the expectation of privacy is less at the border than it is in the interior" (United States v Flores-Montano, 541 US 149, 152, 154), border searches are generally deemed reasonable "simply by virtue of the fact that they occur at the border" (United States v Ramsay, 431 US 606, 616). Thus, "[r]outine searches of the persons and effects of entrants are not subject to any requirement of reasonable suspicion, probable cause, or warrant" (United States v Montoya de Hernandez, 473 US 531, 538). However, "highly intrusive searches" may require reasonable suspicion in light of the significance of the individual "dignity and privacy interests" infringed (United States v Flores-Montano, 541 US at 152).
While federal circuit courts are split as to whether reasonable suspicion or something less than that is required to justify a manual search of an electronic device for contraband at the border, no court has required a warrant or probable cause for either a manual or forensic search of an electronic device for contraband at the border (see United States v Aigbekaen, 943 F3d 713, 723 [4th Cir]; United States v Cano, 934 F3d 1002, 1015-1016 [9th Cir]; United States v Wanjiku, 919 F3d 472, 485 [7th Cir]; United States v Touset, 890 F3d 1227, 1234-1235 [11th Cir]; United States v Kolsuz, 890 F3d 133, 137 [4th Cir]; United States v Molina-Isidoro, 884 F3d 287, 291-293 [5th Cir]). Even assuming reasonable suspicion was required, here, the DHS Agents possessed reasonable suspicion to search the defendant's iPad for child pornography (see Heien v North Carolina, 574 US 54, 60). Thus, contrary to the defendant's contention, the DHS Agents' manual search did not violate the defendant's fourth amendment right against unreasonable searches and seizures.
Further, contrary to the defendant's contention, the defendant was not coerced into entering the password to unlock his iPad, in violation of his right against self-incrimination, his right to due process, or CPL 60.45. The defendant, who was told that he was free to leave, was not in custody when he was asked to enter the password (see People v Johnson, 133 AD3d 1309, 1310; People v Passino, 53 AD3d 204, 205-206, affd 12 NY3d 748; People v LaBreck, 286 AD2d 978, 978). The fact that the defendant's iPad would be detained if he did not enter the password did not mean that he was "subjected to the coercive atmosphere of a custodial confinement" (United States v Place, 462 US 696, 708). Further, since the DHS Agents had reasonable suspicion that contraband could be found on the iPad, the Agents could perform a forensic search of the iPad without a warrant (see United States v Cano, 934 F3d at 1016; United States v Wanjiku, 919 F3d at 485; United States [*3]v Touset, 890 F3d at 1234-1237; United States v Kolsuz, 890 F3d at 137; United States v Molina-Isidoro, 884 F3d at 291-293). Thus, the DHS Agents' threat to retain the device for a forensic examination if the defendant did not unlock the device was not a false assertion of authority that would render the defendant's act of inputting the password involuntary (cf. Bumper v North Carolina, 391 US 543, 548-550; People v Marcial, 109 AD3d 937, 939).
Finally, the Supreme Court should have granted that branch of the defendant's omnibus motion which was to suppress certain statements that he made when he was questioned after the DHS Agents discovered the images on the defendant's iPad, as the questioning violated the defendant's indelible right to counsel (see People v Grice, 100 NY2d 318, 320-321). However, the error was harmless, as the evidence of the defendant's guilt, without reference to the statements, was overwhelming, and there is no reasonable possibility that the error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 237).
Accordingly, the judgment of conviction should be affirmed.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court