People v Dale (2022 NY Slip Op 04640)

People v Dale

2022 NY Slip Op 04640

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2017-08275
 (Ind. No. 1667/15)

[*1]The People of the State of New York, respondent,
v
Christen Dale, appellant.

Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Seth M. Lieberman, and Rebecca Height of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered June 1, 2017, convicting her of manslaughter in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the fourth degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her videotaped statements to law enforcement officials.
ORDERED that the judgment is affirmed.
At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary (see People v Anderson, 42 NY2d 35, 38; People v Huntley, 15 NY2d 72), and that the defendant knowingly, intelligently, and voluntarily waived his or her Miranda rights (see Miranda v Arizona, 384 US 436, 444) prior to making the statements (see People v Johnson, 139 AD3d 967, 969). "Proof of voluntariness compatible with due process depends upon the particular circumstances—'the totality'—of each case" (id. at 969, quoting People v Guilford, 21 NY3d 205, 208 [internal quotation marks omitted]; see People v Anderson, 42 NY2d at 38). A court must "review all of the surrounding circumstances to see whether the defendant's will has been overborne" (People v Mateo, 2 NY3d 383, 413; see People v Johnson, 139 AD3d at 969-970). In this case, any error in declining to suppress the defendant's videotaped statements to law enforcement officials was harmless because the evidence of the defendant's guilt, without reference to those videotaped statements, was overwhelming and there was no reasonable possibility that such an error contributed to the convictions (see People v Crimmins, 36 NY2d 230, 237; People v Perkins, 184 AD3d 776, 779; People v Frey, 178 AD3d 1402, 1403; People v Johnson, 139 AD3d at 973; People v Loucks, 125 AD3d 890, 891).
The defendant's contention that she was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective [*2]assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court