People v Ryan (2026 NY Slip Op 01384)

People v Ryan

2026 NY Slip Op 01384

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2021-03403
 (Ind. No. 1854/19)

[*1]The People of the State of New York, respondent,
vDennis Ryan, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), dated April 30, 2021, convicting him of criminal possession of a weapon in the second degree (three counts) and criminal possession of a weapon in the third degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence, and the denial, without a hearing, of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial. By decision and order dated April 2, 2025, this Court remitted the matter to the County Court, Suffolk County, for a new determination of the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial, and thereafter a report to this Court advising of the new determination (see People v Ryan, 237 AD3d 754, 755). The appeal was held in abeyance pending receipt of the report. The County Court has now filed its report.
ORDERED that the judgment is affirmed.
In a decision and order dated April 2, 2025, this Court remitted the matter to the County Court, Suffolk County, to afford the People an opportunity to submit opposition papers to the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was denied the statutory right to a speedy trial, for a hearing, if necessary (see id. § 210.45), for a new determination of the defendant's motion thereafter, and for a report on the new determination (see People v Ryan, 237 AD3d 754, 756). In a report to this Court dated August 12, 2025, made after the People's submission of opposition papers to the defendant's motion and the defendant's submission of reply papers, the County Court determined, inter alia, that the People established that only four days were chargeable to the People before the defendant waived his speedy trial rights on April 11, 2019.
"Where, as here, a defendant is charged with a felony, the People are required to be ready for trial within six months of the commencement of the criminal action" (People v McPhaul, 227 AD3d 1111, 1111; see CPL 30.30[1][a]). "A defendant seeking dismissal of the indictment on speedy trial grounds under CPL 30.30 meets his or her initial burden on the motion simply by [*2]alleging that the People failed to declare readiness within the statutorily prescribed period" (People v Brown, 214 AD3d 823, 824 [internal quotation marks omitted]; see People v Beasley, 16 NY3d 289, 292). "Once a defendant has alleged that more than the statutorily prescribed time has elapsed without a declaration of readiness by the People, the People bear the burden of establishing sufficient excludable delay" (People ex rel. Nieves v Molina, 207 AD3d 797, 798; see People v Berkowitz, 50 NY2d 333, 348-349).
Here, the defendant sustained his initial burden by alleging that a period of unexcused delay in excess of six months had elapsed since his arraignment on the felony complaint on April 7, 2019 (see CPL 30.30[1][a]). However, in opposition, the People established that the defendant expressly waived his speedy trial rights on April 11, 2019 (see People v Waldron, 6 NY3d 463, 467; People v Perkins, 184 AD3d 776, 777), and that the defendant never revoked that waiver (see People v Benard, 69 AD3d 952, 953; People v Newman, 37 AD3d 621, 621-622). Therefore, only four days were chargeable to the People.
Further, contrary to the defendant's contention, the People's initial certificate of compliance (hereinafter COC) filed on July 20, 2020, was valid. "When a defendant moves pursuant to CPL 30.30 to dismiss the indictment on the ground that the People failed to exercise due diligence and therefore did not file a proper COC, 'the People bear the burden of establishing that they did, in fact, exercise due diligence and made reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure'" (People v Serrano, 234 AD3d 879, 882, quoting People v Bay, 41 NY3d 200, 213). "[A] valid [COC] and readiness declaration will not be rendered illusory by subsequent diligent disclosures made in good faith" (People v Sombillo, 244 AD3d 873, 874 [internal quotation marks omitted]). Here, the People demonstrated that they had exercised due diligence and made reasonable inquiries to ascertain the existence of materials and information subject to discovery prior to filing the initial COC (see People v McMahon, 237 AD3d 746, 752). Moreover, the People established that their initial failure to disclose certain police internal affairs reports and civil suit paperwork pertaining to police witnesses "'was inadvertent and without bad faith or a lack of due diligence'" (People v Sombillo, 244 AD3d at 874, quoting People v Deas, 226 AD3d 823, 826), as evidenced by the fact that the People promptly disclosed those materials once they obtained them (see People v McMahon, 237 AD3d at 751). In addition, the People demonstrated that they promptly disclosed updated curriculum vitae and proficiencies for two witnesses and property withdrawal receipts generated in the course of preparing for trial once those materials became available (see People v Drayton, 231 AD3d 1057, 1060). The People also demonstrated that the materials they provided to defense counsel on March 22, 2021, were not subject to disclosure under CPL 245.20 (see People v Henderson, 237 AD3d 853, 854; People v Walker, 232 AD3d 1215, 1217). Thus, contrary to the defendant's contention, the People's initial COC was valid, and the statement of readiness therefore was not illusory (see People v Sombillo, 244 AD3d at 874). Accordingly, the County Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on statutory speedy trial grounds.
Furthermore, the County Court properly denied, after a hearing, those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence. "It is the People's burden to prove beyond a reasonable doubt that statements of a defendant they intend to rely upon at trial are voluntary" (People v Thomas, 22 NY3d 629, 641; see People v Guilford, 21 NY3d 205, 208). "To do that, they must show that the statements were not products of coercion, either physical or psychological, or, in other words, that they were given as a result of a free and unconstrained choice by their maker" (People v Thomas, 22 NY3d at 641 [alteration, citation, and internal quotation marks omitted]; see Miranda v Arizona, 384 US 436, 448).
Here, the record establishes that the defendant was not in police custody when he made statements to detectives before he was administered Miranda warnings, and that the defendant voluntarily gave a written statement and consented to the search of his home after having knowingly, intelligently, and voluntarily waived his Miranda rights (see People v Santos, 200 AD3d 1075, 1076; People v Hirji, 185 AD3d 1053, 1055-1056). The hearing testimony demonstrated that detectives went to the hospital where the defendant was being treated for a gunshot wound to the hand to [*3]interview him regarding his allegation that he had been shot by an unidentified assailant, at which time the defendant was not under suspicion of any criminal conduct. The hearing testimony further established that during the course of the detectives interviewing the defendant, he changed his account and indicated that he had shot himself in the hand in his backyard. At that point, the detectives advised the defendant of his Miranda rights, and the defendant agreed to make a written statement, and signed a written form giving the police permission to search his home. Although the defendant testified that at the time of the interview, his decision-making ability was impaired by medications administered to him at the hospital, affording deference to the County Court's credibility determinations (see People v Hirji, 185 AD3d at 1055), the court's findings that the defendant voluntarily and knowingly made statements, waived his Miranda rights, and consented to the search of his home are supported by the record (see People v O'Brien, 186 AD3d 1406, 1407-1408). Accordingly, the court properly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
Contrary to the defendant's contention, the County Court properly denied his request to charge criminal possession of a weapon in the fourth degree (Penal Law § 265.01) as a lesser included offense of criminal possession of a weapon in the second degree (id. § 265.03) and criminal possession of a weapon in the third degree (id. § 265.02), as there was no reasonable view of the evidence that the defendant committed the lesser, but not the greater, offense (see People v Harriott, 181 AD3d 863, 864).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit. The People's remaining contentions either need not be reached in light of our determination or are without merit.
IANNACCI, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court